## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MYA EVELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: 1:18-cv-00895- |
| MAMARONECK CAPITAL, LLC; | ) | ELR-RGV |
| ALDRIDGE PITE HAAN, LLP; | ) | |
| MCCULLOUGH PAYNE HAAN & | ) | |
| NADLER, LLC; AND JEREMY T. | ) | |
| MCCULLOUGH | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MAMARONECK CAPITAL, LLC AND ALDRIDGE PITE HAAN, LLP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW, Defendants Mamaroneck Capital, LLC ("Mamaroneck") and

Aldridge Pite Haan, LLP ("APH")(collectively referred to herein as "Defendants"),

by and through their counsel of record and pursuant to Fed. R. Civ. 12(b)(2), (4),

(5), and (6), and file this Memorandum of Law in Support of Defendants

Mamaroneck and APH's Motion to Dismiss Plaintiff's Complaint ("Motion") in

the above-styled action. In support of their Motion, Defendants respectfully show

this Honorable Court the following:

## I.  PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit for alleged violations of the FDCPA on February 28, 2018. [Doc. 1]. On May 29, 2018, (the ninetieth day from the date of filing), service was attempted by UPS delivery on CT Corporation System on behalf of APH in Montgomery, Alabama. (UPS Tracking Data Sheet, Ex. "C"; "Smearman Aff., ¶¶ 6-7, June 19, 2018, Ex. "D"). Subsequently, on June 1, 2018, a process server served Marianne Nichols of "Ct Corp Systems" in Alabama on behalf of APH. [Doc. 10].  However, the documents served on June 1, 2018 did not contain a copy of the Summons bearing the Court's seal and the signature of the Clerk of Court as required by law. (Smearman Aff.,  ¶¶ 8-10, June 19 2018, Ex. "D"). On June 7, 2018, Plaintiff again attempted service on CT Corporation System in Alabama on behalf of APH through a process server. (Smearman Aff.,  ¶ 12, June 19, 2018, Ex. "D"). Again, the Summons did not bear the Court's seal and the signature of the Clerk. (Smearman Aff.,  ¶ 13, June 19, 2018, Ex. "D").

## II.  FACTUAL BACKGROUND

On August 29, 2001, a Judgment ("Judgment") was entered in favor of Bank of America, N.A. against Plaintiff in the State Court of Cobb County (Civil Action 01-A-3227). [Doc. 1, ¶ 36]. The August 29, 2001 Judgment consisted of principal in the amount of $6,118.30, interest in the amount of $334.89, and costs of $55.00

with "future interest upon [the] principal from the date of the judgment at the legal rate." [Doc. 1, ¶ 36]. In 2001, when the August 29, 2001 Judgment was entered, interest on a judgment was to be calculated at a rate of twelve percent (12%). O.C.G.A. § 7-4-12 (1989) *amended by* O.C.G.A. § 7-4-12 (2003).

The August 29, 2001 Judgment was assigned by Bank of America to Georgia Receivables in a Bill of Sale executed December 19, 2002. (Bank of America Bill of Sale, Ex. "A"). Subsequently, the August 29, 2001 Judgment was assigned by Georgia Receivables to Mamaroneck on August 8, 2016. (Georgia Receivables Bill of Sale, Ex. "B"). [1]

On February 23, 2017, Jeremy T. McCullough ("McCullough") executed an Affidavit of Continuing Garnishment ("Affidavit") referring to the Judgment, including the case number (Civil Action 01-A-3227) and the court where the Judgment was entered (Cobb County State Court). [Doc. 1-1]. The Affidavit was filed on March 1, 2017. [Doc. 1-1]. Included in the Affidavit is a recital of the

---

[1] The aforementioned exhibits are used in support of Defendants' arguments that Plaintiff failed to state a claim upon which relief can be granted with respect to Plaintiff's claims regarding proof of assignment. The aforementioned exhibits are indisputably authentic and central to Plaintiff's claim. Further, there is precedent for this Court to take judicial notice of the assignments. *Henderson v. BAC Home Loans Servicing, LP*, No. 1:10-CV-3137-TCB, 2011 WL 10843391, at *9 (N.D. Ga. June 29, 2011). As such, this Honorable Court may entertain both documents on a motion to dismiss for failure to state a claim. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015).

$18,032.21 balance on the Judgment with a detailed itemization accounting for the amount of the balance. [Doc. 1-1]. As stated in the Affidavit, the balance of $18,032.21 consists of the $6,118.30 principal, $11,377.02 post-judgment interest, and $536.89 from other sources "e.g. prejudgment interest, attorney's fees, costs . . . " [Doc. 1-1].

The Affidavit also clearly identifies McCullough as counsel for Plaintiff, which is plainly demarcated as "MAMARONECK CAPITAL, LLC AS ASSIGNEE OF GEORGIA RECEIVABLES INC. ASSIGNEE OF BANK OF AMERICA, NA." [Doc. 1-1]. Affixed to the Affidavit is the Writ of Fieri Facias in the State Court of Cobb County, Georgia ("Fi Fa"). [Doc. 1-1]. The Fi Fa lists the August 29, 2001 judgment date, the civil action file number (Civil Action 01-A-3227), and an itemization of the balance from the Judgment. [Doc. 1-1].

Plaintiff filed the instant action on February 28, 2018 for purported violations of the Fair Debt Collection Practices Act ("FDCPA"). [Doc. 1]. The Complaint includes four (4) introductory paragraphs. (Doc. 1, ¶¶ 1-4). Among the contents of the Introduction are the following allegations:

1. **Defendant** improperly sought to collect an additional (and unexplained) amount not authorized by contract or agreement from Plaintiff in a garnishment action that was filed on March 1, 2017, based on a judgment from August 29, 2001, taken by default by "Bank of America NA". . .

3. When **Defendants** attempted to collected on the judgment, **Defendants** submitted a false affidavit - an affidavit that is confusing in the eyes of the least sophisticated consumer, in that it claimed an excessive amount of post judgment interest, and in that the named plaintiff in the case was "Mamaroneck Capital, LLC" - a name completely foreign to the Plaintiff - and with no proof that it was the real party in interest.

[Doc. 1, ¶¶ 1, 3](emphasis added).

Count I of Plaintiff's Complaint purports to reference the alleged violations of the FDCA incorporating the preceding 51 paragraphs by reference. [Doc. 1, ¶¶ 52-58]. In Count I of her Complaint—Count I is the only count—Plaintiff alleges, "[b]y reason of the foregoing, **Defendant** violated the FDCPA by seeking to collect an amount from the Plaintiff for which it was not authorized to collect." [Doc. 1, ¶ 53](emphasis added). Although not stated in Count I, to support the conclusion "**Defendant**" attempted to collect an unauthorized amount, Plaintiff alleges the post-judgment interest from the Affidavit was "overstated by approximately $2,000," in violation of 15 U.S.C. § 1692f(1). [Doc. 1, ¶ 43](emphasis added). In support of her calculations, Plaintiff incorrectly alleges, "[t]he prime rate on August 29, 2001 was 6.50, so the legal rate of interest in Georgia on the date of the judgment was prime plus three of 9.50." [Doc. 1, ¶ 37]. Consequently, Plaintiff erroneously concludes the Affidavit constitutes "the use of false, deceptive, and misleading representations or means in connection with the

collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10)" and "the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f and 1692f(1)." [Doc. 1, ¶ 44].

> In Count I, Plaintiff further alleges the following:
>
> Also by reason of the foregoing, **Defendant** violated the FDCPA by submitting a deceptive and misleading affidavit in that it named a MAMARONECK as Plaintiff, cited what appears to be two prior assignments, but attached no proof of such assignments, in violation of 15 U.S.C. §§ 1692(e) and 1692(f) et seq.

(Doc. 1, ¶ 54)(emphasis added). The Complaint does not clearly state claims for relief against each defendant individually. [Doc. 1].

## III.  ARGUMENT AND CITATION OF AUTHORITY

### A.  INSUFFICIENT PROCESS, INSUFFICIENT SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, EXPIRATION OF THE STATUTE OF LIMITATIONS

**METHOD OF SERVICE**

Rule 4 of the Federal Rules of Civil Procedure dictates the requirements for service of process. Under Fed. R. Civ. P. 4, a defendant must be served with the summons and complaint. The requirements for service of a corporation, partnership, or association are generally set forth in Fed. R. Civ. P. 4(h):

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other

unincorporated association that is subject to suit under a common
name, must be served:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving
>> an individual; or
>> (B) by delivering a copy of the summons and of the
>> complaint to an officer, a managing or general agent, or
>> any other agent authorized by appointment or by law to
>> receive service of process and--if the agent is one
>> authorized by statute and the statute so requires--by also
>> mailing a copy of each to the defendant . . .[2]

Under both Fed. R. Civ. P. 4(e)(1) and Fed. R. Civ. P. 4(h), courts in the 11th

Circuit have expressly rejected certified mail as valid form of delivery. *Dyer v.*

*Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009); *Moore v. PNC*

*Mortg.*, N.A., No. CV414-237, 2015 WL 1931403, at *2 (S.D. Ga. Apr. 28, 2015);

*Pelmore v. Pinestate Mortg. Corp.*, No. CIV.A.109-CV-2313TWT, 2010 WL

520767, at *2 (N.D. Ga. Feb. 8, 2010).

Specifically, in the context of serving partnerships, service is proper on the

partnership generally when process is personally served on a partner. *Porter v.*

*Hardin*, 164 F.2d 401, 403 (5th Cir. 1947); *Southcom Grp., Inc. v. Plath*, 257 Ga.

---

[2] Fed. R. Civ. P. 4(e)(1) provides for service "following state law for serving a
summons in an action brought in courts of general jurisdiction in the state where
the district court is located or where service is made."

App. 46, 48 (2002); *Contractors Mgmt. Corp. v. McDowell-Kelley, Inc.*, 136 Ga.

App. 116, 118 (1975). [3]

**THE SUMMONS**

To comply with the Federal Rules of Civil Procedure, the summons must

meet specific requirements, including "be[ing] signed by the clerk" and "bear[ing]

the court's seal." Fed. R. Civ. P. 4(a)(1). District courts have upheld the

procedural requirements expressly enumerated in Fed. R. Civ. P. 4(a)(1) on a

motion to dismiss. *King v. City of Waycross, GA*, No. CV 514-32, 2015 WL

1525251 (S.D. Ga. Mar. 31, 2015); *Richardson v. Excel Glob. Logistics, Inc.*, No.

1:14-CV-129 (LJA), 2015 WL 13234512, (M.D. Ga. Dec. 18, 2015). For example,

in *King*, the district court dismissed the case after an examination of good cause

and the surrounding circumstances when the clerk's signature and the court's seal

were not included on the summons. No. CV 514-32, 2015 WL 1525251 at *5 (S.D.

Ga. Mar. 31, 2015). While ordering dismissal, the *King* court noted, "the fact that

the summonses served on these Defendants appear to have been sent directly by

the Plaintiffs is troubling. This is not a mere technical defect . . ." *Id.*

---

[3] Under state law, a limited liability partnership is a form of partnership: "A partnership is an association of two or more persons to carry on as co-owners a business for profit and includes, for all purposes of the laws of this state, a limited liability partnership." O.C.G.A. § 14-8-6.

**TIMELINESS OF SERVICE**

In addition to providing substantive requirements for how service must be perfected, Fed. R. Civ. P. 4 also provides a timeline for when service must be perfected. Fed. R. Civ. P. 4(m) addresses the time limit for perfecting service:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, dismissal of the complaint is expressly contemplated by statute for deficiencies with service of process, including the timeliness of service of process. Fed. R. Civ. P. 4(m).

In conjunction with the authorization for dismissal, Fed. R. Civ. P. 4(m) also addresses a showing of good cause. *See* Fed. R. Civ. P. 4(m). The 11th Circuit has defined good cause as occurring "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 347 (11th Cir. 2006) ((citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991)) (internal quotation marks omitted). As a stark illustration of the good cause analysis, even serious illness of counsel has been deemed insufficient to constitute good cause. *Hart v. Zimmerman Holdings Grp., Inc.*, 313 F.R.D. 671, 673–74 (S.D. Fla. 2016).

In addition to a good cause analysis, district courts must also consider other circumstances, including the statute of limitations, when weighing dismissal under Fed. R. Civ. P. 4(m). *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). However, there are no dispositive factors that automatically necessitate an extension of time for service. *Id.*; *see also Idumwonyi v. Convergys*, 611 F. App'x 667 (11th Cir. 2015). In fact, the Southern District of Georgia expressly considered the expiration of the statute of limitations when evaluating a motion to dismiss for insufficient service and found dismissal to be the appropriate remedy. *King,* No., CV 514-32, 2015 WL 1525251 at *5.[4]

**PERSONAL JURISDICTION**

Service of process is a prerequisite for the court to exercise personal jurisdiction. *Barber v. Rubin Lublin, LLC*, No. 1:13-CV-975-TWT, 2013 WL 6795158, at *5 (N.D. Ga. Dec. 20, 2013). Plaintiffs are charged with making a prima facie showing of personal jurisdiction. *Id.*

1.  **<u>Plaintiff has failed to timely and properly serve APH as required by law within the statute of limitations.</u>**

Plaintiff's first attempt at service was improper in that it was not made personally on a partner of APH. Instead, Plaintiff attempted to serve APH, which

---

[4] The statute of limitations for an action under the FDCPA is one year from the date of the purported violation. 15 U.S.C.A. § 1692k.

has an office and conducts business in Georgia, through UPS delivery on CT

Corporation System in Alabama. (UPS Tracking Data Sheet,  Ex. "C"; Smearman

Aff., ¶¶ 4, 6-7, June 19, 2018, Ex. "D"). Accordingly, Plaintiff's effort at service

using UPS should be deemed deficient similar to the result in *Dyer.* 318 F. App'x at

844.

Apparently realizing that there was no personal service, Plaintiff then

attempted personal service on CT Corporation System in Alabama after the

expiration of the prescribed ninety-day period for service and the statute of

limitations[5]  on June 1, 2018 and June 7, 2018. (Smearman Aff., ¶¶ 8-13 June 19,

2018, Ex. "D"). In addition to being untimely, the service attempts on June 1, 2018

and June 7, 2018, are defective because on both occasions Plaintiff failed to serve a

proper summons on a partner of APH bearing the Court's seal and the signature of

the Clerk. (Smearman Aff., ¶¶ 9-10, 12-13, June 19, 2018, Ex. "D"). In light of the

above, Plaintiff has not properly and timely served APH as required by law.

Therefore, Plaintiff's Complaint must be dismissed with respect to APH.

## B. <u>FAILURE TO STATE A CLAIM</u>

### 1. <u>MOTION TO DISMISS STANDARD</u>

---

[5] Assuming without conceding March 1, 2017, was the date of the purported
violation, the statute of limitations would have expired on March 1, 2018. *See* 15
U.S.C.A. § 1692k.

Federal Rule of Civil Procedure 8(a) speaks to the prerequisites for stating a

claim for relief:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . .

Federal Rule of Civil Procedure 12(b)(6) contemplates dismissal for

failure to state a claim upon which relief can be granted. Surviving a motion

to dismiss for failure to state a claim requires that the complaint include

"sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

citations omitted).

Facial plausibility exists "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* There must be "more than a sheer

possibility" of unlawful conduct. *Id.* Consequently, "[w]here a complaint

pleads facts that are 'merely consistent with' a defendant's liability, it "stops

short of the line between possibility and plausibility of 'entitlement to

relief.'" *Id.* Moreover, mere "labels and conclusions, and a formulaic

recitation of the elements of a cause of action" are not sufficient to avoid dismissal for failure to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consistent with the case law referenced above, a complaint does not state a claim upon which relief can be granted where it merely states allegations against defendants collectively without specifically articulating what was done by each defendant. *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374–75 (S.D. Fla. 2011).

In addition to being appropriate based upon poorly pleaded factual allegations, dismissal is also appropriate where the allegations are not supported by law: "[d]ismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

## 2.  **ELEMENTS OF A CLAIM UNDER THE FDCPA**

Liability may be imposed under the FDCPA only where "debt collectors" violate the FDCPA when collecting a "debt." *Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892, 895 (11th Cir. 1997). Thus, to state a claim under the FDCPA, a plaintiff must show the following: (1) the defendant attempted a "collection activity" from the plaintiff "arising from consumer debt"; (2) the defendant is a

"debt collector"; (3) the defendant "debt collector" violated the FDCPA. *Diaz v.*

*Fla. Default Law Grp., P.L*, No. 3:09-cv-524-J-32MCR, 2011 WL 2456049, at

(M.D. Fla. Jan. 3. 2011); *see also Bentley,* 773 F. Supp. 2d at 1371.

The FDCPA defines a "debt collector" as "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

or due another . . . "15 U.S.C.A. § 1692a (emphasis added). Thus, for a defendant

to qualify as a "debt collector" under the FDCPA, that defendant must be engaged

in business with the "principal  purpose" of debt collection or "regularly" attempt

to collect debts "owed to another." *Davidson v. Capital One Bank (USA), N.A.*, 797

F.3d 1309, 1311 (11th Cir. 2015).

> **i.** **Plaintiff has not stated a cause of action against
> Mamaroneck or APH.**

Plaintiff has not specifically alleged factually-supported violations of

the FDCPA against Mamaroneck or APH. None of the alleged violations of

the FDCPA that may be interpreted from the Complaint are expressly

directed at Mamaroneck or APH. [Doc. 1, ¶¶ 43-44, 52-54]. Rather, the

Complaint contains nondescript allegations against "Defendant" or

"Defendants" without expressly stating what Mamaroneck or APH allegedly

did wrong. [Doc. 1, ¶¶ 43-44, 52-54]. The conclusory statements and recitations of portions of the FDCPA do not cure this fatal defect. As a result, on the face of the Complaint, there are no facts upon which a cause of action against Mamaroneck and APH can plausibly be inferred. Dismissal of Plaintiff's Complaint is therefore authorized.

### 3. <u>PURPORTED VIOLATIONS OF THE FDCPA</u>

**i.** **<u>As a matter of law, the valid assignment of the Judgment was not a violation of the FDCPA.</u>**

Judgments may be assigned and transferred in Georgia. O.C.G.A. § 9-12-21. O.C.G.A. § 9-12-21 provides as follows:

> A person in whose favor a judgment has been entered or a person to whom a judgment has been transferred may bona fide and for a valuable consideration transfer any judgment to a third person. In all such cases the transferee of any judgment shall have the same rights and shall be subject to the same equities and to the same defenses as was the original holder of the judgment.

An assignment does not require a special form or verbiage. *Scissum v. Hawkside Fin., Inc.*, No. 117CV00645ELRRGV, 2017 WL 8217641, at *10 (N.D. Ga. Dec. 5, 2017), *adopted by* No. 1:17-CV-00645-ELR, 2018 WL 1320069 (N.D. Ga. Jan. 3, 2018); *S. Mut. Life Ins. Ass'n v. Durdin*, 64 S.E. 264, 265 (Ga. 1909). The lone requirement for an assignment of a judgment

is that the transfer be in writing. *Colter v. Livingston*, 114 S.E. 430, 434 (Ga. 1922).

Plaintiff's claims must fail because they impose conditions not required by law. Plaintiff alleges that a "Defendant" violated 15 U.S.C. §§ 1692(e) and (f) by not providing proof of the assignments to Plaintiff.  [Doc. 1, ¶ 54]. Plaintiff also alleges that the Affidavit was confusing to the least sophisticated consumer because it named Mamaroneck Capital, LLC as the plaintiff in the garnishment action. [Doc. 1, ¶ 3]. However, to assign a judgment and effectuate a garnishment proceeding there is no legal requirement that the garnishee must be provided with written evidence of the assignment or that the assignment must be filed with the court. All that is required is that the assignment be in writing, which is the case here. (Bank of America Bill of Sale, Ex. "A"; Georgia Receivables Bill of Sale, Ex. "B").

What is more, the Affidavit clearly references that Mamaroneck is an assignee of Georgia Receivables and that Georgia Receivables is an assignee of Bank of America, NA. [Doc. 1-1]. Therefore, it cannot be said that Plaintiff was not provided sufficient information to recognize that there was an assignment or that Plaintiff was otherwise misled. Consequently,

Plaintiff's allegations regarding the assignment of the judgment must fail

under 15 U.S.C. §§ 1692(e).[6]

### ii.   As a matter of law, Plaintiff's calculation of the balance on the Judgment is incorrect.

In August of 2001, Georgia law provided that "[a]ll judgments in this state

shall bear interest upon the principal amount recovered at the rate of 12 percent per

year . . ." O.C.G.A. § 7-4-12 (1989) *amended by* O.C.G.A. § 7-4-12 (2003). The

current version of O.C.G.A. § 7-4-12 provides for interest on the principal of a

judgment at the prime rate plus three (3). Where a judgment was entered while the

prior (1989) version of O.C.G.A. § 7-4-12 was in effect,  the Georgia Court of

Appeals upheld the application of interest on the principal at a rate of twelve

percent (12%). *Ford Motor Co. v. Sasser*, 618 S.E.2d 47, 59 (2005)( "Inasmuch as

the amended version of the statute does not apply to this case, the former

unamended version in effect at the time of the filing of plaintiff's action does;

accordingly, the court did not err in ordering that the judgment would bear interest

at the rate of 12 percent per year.").

---

[6] This argument assumes *arguendo* without conceding a determination of whether failure to provide proof of assignment is even a plausible violation of the FDCPA in any event.

Plaintiff uses the Affidavit, and the balance represented therein, as the foundation for the majority of her indiscriminately alleged violations of the FDCPA. Plaintiff alleges that the "**Defendant** attempted to collect an amount not authorized by an agreement or statute in violation of 15 U.S.C. §§ 1692(f)(1)" because the post-judgment interest was purportedly overstated by $2,000. [Doc. 1, ¶ 43](emphasis added). Plaintiff also alleges the following:

> The affidavit was signed by Jeremy T. McCullough, who 'on oath' stated that he is the attorney for Plaintiff and that the balance due is $18,032.21, which falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(a), which was the use of false, deceptive, and misleading representations or means in connection with the collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and which was the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f and 1692f(1).

[Doc. 1, ¶ 44].

Plaintiff's allegations about, and relying on, a misstatement of the balance in the Affidavit are legally deficient. As pointed out by the *Sasser* Court, the post-judgment interest rate applicable to the principal on the August 29, 2001 judgment is twelve percent (12%). 618 S.E.2d at 59. As required by Georgia law, interest has been accruing on the principal at the legal rate of 12% since the Judgment date of August 29, 2001. Plaintiff's allegation that the interest rate should be prime plus 3% is simply incorrect, and the post-judgment balance identified in the Affidavit is

correct under Georgia law. Accordingly, Plaintiff's unfounded claims about the

Affidavit and the balance referenced therein must be dismissed.

### iii. As a matter of law, Plaintiff has not stated a claim under 15 U.S.C. § 1692f.

Absent additional separate facts, the mere invocation of 15 U.S.C. § 1692f

does not state a claim upon which relief can be granted.  15 U.S.C. § 1692f

enumerates eight (8) specific violations of the FDCPA that qualify as unfair

practices. Though that list is not dispositive, "[a] complaint will be deemed

deficient under [15 U.S.C. § 1692f ] . . . if it 'does not identify any misconduct

beyond that which Plaintiffs assert violate other provisions of the FDCPA.'"

*Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007)

((quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)).

In this case, Plaintiff's Complaint cites 15 U.S.C. § 1692f  twice

unaccompanied by separate factual justification for reference to that provision.

[Doc. 1, ¶¶ 44, 54]. In the first instance, Plaintiff cites 15 U.S.C. § 1692f in

conjunction with 15 U.S.C. § 1692f (1) without distinguishing which, if any,

factual allegations support a purported violation of the former versus the latter.

[Doc. 1, ¶ 44]. Next, Plaintiff references 15 U.S.C. §§ 1692e and 1692f

collectively, relating to proof of the assignment as stated above.  In both instances,

Plaintiff has not pleaded any additional facts to support a claim under 15 U.S.C. §

1692f separate and apart from any other alleged violations under other provisions of the FDCPA. Thus, Plaintiff cannot prevail under 15 U.S.C. § 1692f .

## IV. <u>CONCLUSION</u>

As discussed above, service of process is insufficient with respect to APH in that it was not timely and properly perfected as required by law within the statute of limitations. Consequently, this Court lacks personal jurisdiction over APH.

In addition, Plaintiff has failed to state a claim upon which relief can be granted as to Mamaroneck and APH. Thus, Plaintiff's Complaint should be dismissed with prejudice as to Mamaroneck and APH for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**WHEREFORE**, Defendants, Mamaroneck and APH, respectfully request that this Honorable Court enter a final order and judgment dismissing the Complaint in its entirety as to Mamaroneck and APH, casting all costs assessed against Plaintiff, and any further relief as Court deems proper.

This 19th day of June, 2018.

Respectfully submitted,

/s/ Jared H. Jacobs
Michael J. Rust
Georgia Bar No. 621257
Jared H. Jacobs
Georgia Bar No.: 553482
Attorneys for Defendants
Mamaroneck Capital, LLC

and Aldridge Pite Haan, LLP

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7388 (Jacobs)
404-870-7374 fax
E-mail: mrust@grsmb.com
jjacobs@grsmb.com